**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000762
25-JUL-2022
08:22 AM
Dkt. 37 ODSLJ**

NO. CAAP-20-0000762

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
STEPHANIE Y. LIN, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
LĪHUʻE DIVISION
(CASE NO. 5DCW-20-0001086)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Defendant-Appellant Stephanie Y. Lin

(**Lin**) appeals from the District Court of the Fifth Circuit,

Līhuʻe Division's[1] November 18, 2020 "Judgment Re: Bail/Bond

Forfeiture" (**November 18, 2020 Judgment**). This court, however,

lacks jurisdiction over this appeal.

On November 18, 2020, the State filed a "Verified

Application to Revoke Bail, Recognizance, Supervised Release, or

Release on Own Recognizance." Later that day, the district court

entered its November 18, 2020 Judgment in favor of the State and

against Lin, forfeiting her bail for failure to appear.

On November 24, 2020, Lin filed an "Affidavit of

November 17th 2020" (**Affidavit**) that stated, "On November 17th

---

[1] The Honorable Michael K. Soong presided.

2020 I attempted to schedule a flight the day before my arraignment (11/18/2020), in the Fifth Circuit Court with Southwest Airlines[,]" "an employee of Southwest who stated that I must agree to wear a medical device over my nose and mouth as a condition of flying[,]" and "I was prevented from attending my arraignment because I refused to undertake a medical intervention without informed consent and without the supervision of a physician or judicial review."

On December 15, 2020, Lin filed a notice of appeal from the November 18, 2020 Judgment.

Hawaii Revised Statutes (**HRS**) § 804-51 (2014) provides, in relevant part, as follows:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, <u>and shall cause execution to issue thereon immediately after the expiration of thirty days</u> from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, <u>unless</u> before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, <u>a motion or application</u> of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court.  If the motion or application, <u>after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture</u> and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance.  If the motion or application, <u>after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment</u>.

(Emphases added.)

As the Hawaiʻi Supreme Court has before explained, a condition precedent to appeal from a judgment of forfeiture is the filing of a motion to set aside within thirty days from the

2

judgment showing good cause why execution should not issue upon the judgment.  State v. Camara, 81 Hawaiʻi 324, 329, 916 P.2d 1225, 1230 (1996).  A defendant may attempt to show good cause by "providing a satisfactory reason for his or her failure to appear when required[.]"  Id. at 330, 916 P.2d at 1231.  Thus, "the appealable event is the order denying the motion to set aside the judgment of forfeiture."  Id. at 329, 916 P.2d at 1230.

Here, the November 18, 2020 Judgment, which was a judgment of forfeiture, was not appealable because it did not grant or deny a motion to set aside the judgment of forfeiture.  And the proof of service reflects that Lin received notice of the November 18, 2020 Judgment via certified mail on November 24, 2020.  That same day, November 24, 2020, Lin filed her Affidavit, which we construe as a "motion or application of the principal . . . showing good cause" why the judgment should not be executed under HRS § 804-51.  See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (stating that to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally).  Before any hearing on Lin's Affidavit or any conclusion to the proceedings below, Lin filed her December 15, 2020 Notice of Appeal to this court.

Therefore, we dismiss this appeal for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, July 25, 2022.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge